(No. 11047.—Reversed and remanded.)

ELLA A. BRAND *et al.* Appellees, *vs.* THE UNION ELEVATED RAILROAD COMPANY *et al.* Appellants.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. FREEHOLD—*when freehold is involved in action for damages from operation of elevated railroad.* In an action for damages to real estate by reason of the construction and operation of an elevated railroad, where the defendants deny, by plea, plaintiffs' intestate was the owner of the premises, and the plaintiffs reply to such plea and introduce deeds establishing a *prima facie* case of ownership, an appeal from a judgment for damages may be taken directly to the Supreme Court on the ground that a freehold is involved, even though the evidence of ownership is not contradicted.

2. DAMAGES—*benefit from increased travel should be considered in determining whether premises are damaged by operation of elevated railroad.* Benefits which accrue by reason of the increased travel facilities and the increased number of people brought to the premises and other property in the neighborhood by the construction and operation of an elevated railroad should be considered in determining whether the property has been damaged by such construction and operation. (*McCoy* v. *Union Elevated Railroad Co.* 271 Ill. 490, *Geohegan* v. *Union Elevated Railroad Co.* 266 id. 482, and *Brand* v. *Union Elevated Railroad Co.* 258 id. 133, adhered to.)

3. SAME—*when judgment for damages from operation of elevated railroad must be reversed.* A judgment for damages to adjacent property from the construction and operation of an elevated railroad must be reversed where the plaintiffs' only witness bases his testimony on what he considers a detriment to the use of the

property rather than on a decrease in the sale value, while five credible witnesses for the defendants testify that the market value of the property did not decrease, but, on the contrary, increased after the construction and operation of the railroad.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

ADDISON L. GARDNER, RANDALL W. BURNS, FRANCIS W. WALKER, and ROGER L. FOOTE, for appellants.

HARRY S. MECARTNEY, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This suit was brought by appellees, as plaintiffs, in the superior court of Cook county, against appellants, as defendants, to recover damages to certain real estate of the plaintiffs on VanBuren street, between Clark and Dearborn streets, in the city of Chicago, by reason of the construction, maintenance and operation of an elevated railroad in front of said property. There was a trial by jury, resulting in a verdict and judgment for plaintiffs for $5800. This appeal was taken direct to this court from the superior court.

No constitutional question was involved in the case, and the only question raised or decided in the trial court which gives this court jurisdiction on appeal is that a freehold was involved. By their fourth plea defendants denied plaintiffs' intestate, Edwin L. Brand, was the owner of the premises described in the declaration, and plaintiffs replied to that plea. On the trial plaintiffs introduced in evidence deeds from Christian A. Loeber and Alice Miller to Edwin L. Brand, and proved possession in Brand, which made a *prima facie* case of ownership. No testimony was offered to the contrary. On the authority of *Jones* v. *Sanitary District,* 252 Ill. 591, the appeal was properly brought to this court.

On the trial plaintiffs offered the testimony of but one witness, Christian Florup, who had charge of the renting

of the property for Brand from the early nineties until his death, in 1900, and for his estate after his death. He testified, over defendants' objection, in substance, that for three years prior to 1897 this property rented for $300 per month; that the buildings on the property were of no value, and that in 1898 and 1899 it rented for $250 per month. He further testified that in 1896 the property was worth from $3500 to $4000 per front foot; that the operation of the railroad affected the use of the property by causing dust, noise, vibration and obstruction to light, and that this was a damage to the property of from $800 to $1000 per front foot. The road was completed and put in operation in 1897. Five witnesses testified on behalf of defendants that the market value of the property was not decreased by the construction and operation of the railroad but that its market value was greater immediately after the road was put in operation than it was before.

The question presented is the same question that was presented in *McCoy* v. *Union Elevated Railroad Co.* 271 Ill. 490, *Geohegan* v. *Union Elevated Railroad Co.* 266 id. 482, and *Brand* v. *Union Elevated Railroad Co.* 258 id. 133. It is not seriously disputed that the sale value of the property was increased by the construction and operation of the road, but the real contention is, as it was in the cases above referred to, that the benefits to the premises which accrued by reason of the increased travel facilities and the increased number of people brought to this and other property in the neighborhood by the construction and operation of the road cannot be considered in determining whether the premises have been damaged. The same question was passed upon in each of the above cited cases, and in the *McCoy* *case,* where the testimony was in many respects similar to that in the present case, the court said: "The plaintiff called but one real estate expert as a witness. He testified that the damages to the property from the construction of the elevated structure, and the operation of the trains there-

on, amounted to $81,999, being fifteen per cent of the value which the witness placed upon the interest of McCoy in the premises. He admitted that there had been a continuous increase in the value of the premises since the completion of the loop, and that a portion of that increase, which he said it was impossible to estimate, was due to the increased travel brought to the premises by the elevated railroad, but that he did not take that into consideration in fixing the damages. The real estate experts called by the defendants, on the other hand, testified that at least one-half of the increase in the value of the premises was due to the increased travel in front of the premises resulting from the operation of the elevated railroad in VanBuren street as a part of the loop. * * *. The contention made by plaintiffs in error upon which most of the assignments of error depend is, that the benefits to the premises by reason of the increased travel in front of the premises resulting from the operation of the elevated railroad in VanBuren street as a part of the loop cannot be considered in determining whether the premises have been damaged by the construction of the elevated structure and the operation of trains thereon, first, because such benefits are general benefits, common to all the property in the vicinity; and second, because such benefits are conjectural and speculative."

In each of the cases mentioned the question was decided against the contention of plaintiffs, but it is insisted that the verdict and judgment in this case are within the range of the testimony and should not be disturbed. Plaintiffs' witness testified there was a damage of from $800 to $1000 per front foot by the construction and operation of the road, but it is apparent he based this testimony on what he considered a detriment to the use of the property rather than a decrease in the sale value. His testimony was opposed by that of five men apparently as well informed and credible as he, that there was no decrease in the market value. We would be quite willing to affirm the judgment

if we could do so without ignoring our former decisions, and if the testimony were in such condition that we could justify our decision on the ground the question of fact as to whether the property was damaged, and how much, was doubtful, and was properly a question for determination, under the testimony, by the trial court and jury. We can not so consider it under this record, for the testimony as to the effect on the market value of the property by the construction and operation of the road was overwhelming that it was not decreased. Under such circumstances we cannot do otherwise than reverse the judgment of the superior court. *People* v. *Mayor and Common Council of Alton,* 209 Ill. 461; *Toledo, Wabash and Western Railway Co.* v. *Moore,* 77 id. 217; *Chicago and Alton Railroad Co.* v. *Gretzner,* 46 id. 75.

The judgment is reversed and the cause remanded to the superior court.                    *Reversed and remanded.*